[ ] AMENDED

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**

---

In re:   **(1) RONALD DEAN BARLOW, SR.**                                   **Case No.** 18-21340

    **Debtor(s).**                                                                                       **Chapter 13**

---

### CHAPTER 13 PLAN
---

**ADDRESS:** (1) 174 Spring Street, Ripley, TN 38063

**PLAN PAYMENT:**

   **DEBTOR (1)** shall pay $<u>225.00</u>   ( X ) weekly, ( ) every two weeks, ( ) semi-monthly, or ( ) monthly, by:

   **( X ) PAYROLL DEDUCTION** from:   <u>Bennett's, Inc.</u>   **OR**   ( ) **DIRECT PAY**.
                                      <u>2255 Industrial Road</u>
                                      <u>Dyersburg, TN 38024</u>

   **DEBTOR (2)** shall pay $ _____   ( ) weekly, ( ) every two weeks, ( ) semi-monthly, or ( ) monthly, by:

   ( ) **PAYROLL DEDUCTION** from: _____   **OR**   ( ) **DIRECT PAY**.

1. **THIS PLAN [Rule 3015.1 Notice]:**

   (A) **CONTAINS A NON-STANDARD PROVISION.** [See plan provision #19]                                ( ) YES   ( X ) NO

   (B) **LIMITS THE AMOUNT OF A SECURED CLAIM BASED ON A VALUATION OF THE**                ( ) YES   ( X ) NO
   **COLLATERAL FOR THE CLAIM.** [See plan provisions #7 and #8]

   (C) **AVOIDS A SECURITY INTEREST OR LIEN.** [See plan provision #12].                                  ( ) YES   ( X ) NO

2. **ADMINISTRATIVE EXPENSES:** Pay filing fee and Debtor(s)' attorney fee pursuant to Confirmation Order.

3. **AUTO INSURANCE:** ( ) Included in Plan; **OR** ( X ) Not included in Plan; Debtor(s) to provide proof of insurance at §341 meeting.

4. **DOMESTIC SUPPORT:** Paid by: ( ) Debtor(s) directly, ( ) Wage Assignment, **OR** ( ) Trustee to:          <u>Monthly Plan Payment:</u>

   __NONE_____; ongoing payment begins _____          $ _N/A_____
               Approximate arrearage: _____          $ _____
   _____; ongoing payment begins _____          $ _____
               Approximate arrearage: _____          $ _____

5. **PRIORITY CLAIMS:**
   _Internal Revenue Service_____   Amount: **Unknown**                  $ **N/A**_____
   _____   Amount: _____     $ _____

6. **HOME MORTGAGE CLAIMS:** ( ) Paid directly by Debtor(s); **OR** ( X ) Paid by Trustee to:

<u>Bayview Loan Servicing</u>; ongoing payment begins <u>5-1-18</u>                                                   $<u>404.12</u>
        Approximate arrearage: <u>$10,037.82</u> Interest 0.00%                                         $ <u>168.00</u>

_____; ongoing payment begins _____　　$ _____
Approximate arrearage: _____　Interest _____%　　$ _____

7. **SECURED CLAIMS:**

| [Retain lien 11 U.S.C. §1325 (a)(5)] | Value of Collateral: | Rate of Interest: | Monthly Plan Payment: |
|---|---|---|---|
| Lauderdale County Bank (claim paid in full) | $9,461.00 | 5.75% | $179.00 |
| _____ | _____ | _____% | $ _____ |
| _____ | _____ | _____% | $ _____ |

8. **SECURED AUTOMOBILE CLAIMS FOR DEBT INCURRED WITHIN 910 DAYS OF FILING, AND OTHER SECURED CLAIMS FOR DEBT INCURRED WITHIN ONE YEAR OF FILING:**

| [Retain lien 11 U.S.C. §1325(a)] | Value of Collateral: | Rate of Interest: | Monthly Plan Payment: |
|---|---|---|---|
| _____ | _____ | _____% | $ _____ |
| _____ | _____ | _____% | $ _____ |

9. **SECURED CLAIMS FOR WHICH COLLATERAL WILL BE SURRENDERED; STAY IS TERMINATED UPON CONFIRMATION FOR FOR THE LIMITED PURPOSE OF GAINING POSSESSION AND COMMERCIALLY REASONABLE DISPOSAL OF COLLATERAL:**
_____　Collateral: _____
_____　Collateral: _____

10. **SPECIAL CLASS UNSECURED CLAIMS:**

|  | Amount: | Rate of Interest: | Monthly Plan Payment: |
|---|---|---|---|
| _____ | _____ | _____% | $ _____ |
| _____ | _____ | _____% | **$** _____ |
| _____ | _____ | _____% | $ _____ |

11. **STUDENT LOAN CLAIMS AND OTHER LONG TERM CLAIMS:**
_____　( )　Not provided for　**OR**　( )　General unsecured creditor
_____　( )　Not provided for　**OR**　( )　General unsecured creditor

12. **THE JUDICIAL LIENS OR NON-POSSESSORY, NON-PURCHASE MONEY SECURITY INTEREST(S) HELD BY THE FOLLOWING CREDITORS ARE AVOIDED TO THE EXTENT ALLOWABLE PURSUANT TO 11 U.S.C.§522(f):**
_____
_____

13. **ABSENT A SPECIFIC COURT ORDER OTHERWISE, ALL TIMELY FILED CLAIMS, OTHER THAN THOSE SPECIFICALLY PROVIDED FOR ABOVE, SHALL BE PAID AS GENERAL UNSECURED CLAIMS.**

14. **ESTIMATED TOTAL GENERAL UNSECURED CLAIMS: $12,258.00.**

15. **THE PERCENTAGE TO BE PAID WITH RESPECT TO NON-PRIORITY, GENERAL UNSECURED CLAIMS IS:**

    ( ) _____%,  OR,

    ( X ) **THE TRUSTEE SHALL DETERMINE THE PERCENTAGE TO BE PAID AFTER THE PASSING OF THE FINAL BAR DATE.**

16. **THIS PLAN ASSUMES OR REJECTS EXECUTORY CONTRACTS:**
_____　( ) Assumes　**OR**　( ) Rejects.
_____　( ) Assumes　**OR**　( ) Rejects.

17. **COMPLETION:** Plan shall be completed upon payment of the above, approximately <u>60</u> months.

18. **FAILURE TO TIMELY FILE A WRITTEN OBJECTION TO CONFIRMATION SHALL BE DEEMED ACCEPTANCE OF PLAN.**

19. **NON-STANDARD PROVISION(S):**
_____
_____
_____.

**ANY NON-STANDARD PROVISION STATED ELSEWHERE IS VOID.**

20. **CERTIFICATION: THIS PLAN CONTAINS NO NON-STANDARD PROVISIONS EXCEPT THOSE STATED IN PROVISION 19.**


**/s/Scott A. Lovelace, B.P.R. #023311**                                        **DATE: 03/01/2018.**
**Debtor(s)' Attorney Signature or Pro Se Debtor(s)' Signature(s)**